## CHARLESTON.

WOLF *et al.* v. SPENCE.

Submitted June 7, 1894.—Decided November 17, 1894.

ASSUMPSIT—PLEADING—AVERMENT.

> In an action of *assumpsit* to recover damages for defective machinery which plaintiff had purchased, paid for and returned as useless, the plaintiff must charge the promise, that the machinery would perform the work, for which it was intended, positively not by way of recital.

EWING, MELVIN & EWING for plaintiff in error, cited 3 Rob. Pr. § 21; Bar. Law Pr. § 4; Sedg. Dam. (6th Ed.) 730, 733; 52 Am. Rep. 63; 20 How. 149; 4 Rob. 295, 297; 4 Gratt. 121; 3 Munf. 566; 2 Wash. 188; 23 Pick.; 54 Am. Dec. 138 and last note; 86 Am. Dec. 305 and notes; 12 Am. St. Rep. 831; 19 Am. St. Rep. 40; 32 Gratt. 518; 2 Ala. Rep. 183.

J. B. SOMMERVILLE for defendants in error, cited 13 Gray 607; 1 Cush. 274; 34 Ia 272; 35 Id. 284; 2 Harr. & J. 353; 7 Gill. & J. 407; 29 Me. 341; 86 Ill. 125; 27 Wis. 636; 27 Md. 211; 31 Kan. 92; 26 Pac. 8; 35 Mich. 311, 331; 77 Mo. 489.

ENGLISH, JUDGE:

This was an action of trespass on the case in *assumpsit* in the Circuit Court of Ohio County by Theodore Wolf, W. E. Criss and J. R. Murray against L. Spence, in which the damages were laid at two thousand five hundred dol-

lars. On the 4th day of September, 1890, the defendant appeared by his attorney and demurred to the declaration and to each count thereof, in which demurrer the plaintiff joined, and on the 20th day of November, 1894, said demurrer was overruled by the court, and the defendant pleaded *non assumpsit,* and issue was joined thereon. On the 9th day of December, 1892, the case was submitted to a jury, who rendered a verdict for the plaintiff assessing his damages at five hundred and fifty dollars. A motion was made to set aside the verdict and grant the defendant a new trial, which motion was overruled by the court, and said defendant excepted, and judgment was rendered upon the verdict; and thereupon the defendant applied for and obtained this writ of error.

The declaration in the case under consideration contained three counts. In the first count the plaintiffs alleged: That on the 6th day of August, 1886, at the county of Ohio, the defendant, who then was a dealer in steam engines, entered into an agreement with them, in which it was recited and agreed that the plaintiffs had on the 6th day of August, 1886, purchased of defendant one of his ten horse traction engines with certain appurtenances therein described; and that plaintiffs agreed with said defendant in the said agreement in writing, that they would furnish a wagon for the water-box belonging to said machine, and would receive the said ten-horse traction engine with its appurtenances at the shop and pay the freight charges on the same; and the said plaintiffs further agreed in said agreement in writing with the said defendant to pay to the said defendant on or before the arrival of the machine the sum of one thousand dollars in three installments, as follows: Three hundred and thirty four dollars November 1, 1886, three hundred and thirty three dollars November 1, 1887, and three hundred and thirty three dollars on the 1st day of November, 1888, for which amounts notes were to be executed with satisfactory security bearing interest at six *per cent.;* and the said defendant agreed in said writing with the plaintiffs to deliver the said machine at the depot or wharf in Martin's Ferry, Ohio, for shipment on or before the 9th day of August, 1886, and to war-

rant it to do good work in threshing and cleaning grain, if properly managed, and to be of good material and well made and to move itself and water tank on the roads in any reasonable place; that in pursuance of said agreement in writing the defendant delivered to them, and they received from him, said engine and appurtenances, and that plaintffs executed and delivered to the said defendant three negotiable promissory notes in accordance with the terms of said agreement, each of said notes being signed by each of said plaintiffs, which notes the said defendant accepted as a settlement of the purchase-money for said engine and its appurtenances; and plaintiffs averred that on the 6th day of August, 1886, and ever since they have been during the threshing season of each year engaged as partners and joint owners of said engine and appurtenances in the business of threshing and cleaning grain for divers persons in and near the said county of Ohio, and that after the 6th day of August, 1886, plaintiffs repeatedly attempted to use and employ the said engine and appurtenances in and about said business, and when they so attempted to use it the same was properly managed by them, but that it did not do and would not do good work in threshing and cleaning grain, when properly managed, and was not of good material and well made, and did not and would not move itself and water-tank on the road in any reasonable place, and wholly failed to do good work in threshing grain, when properly managed, and was of inferior, defective and insufficient material, and was defectively, improperly and insufficiently made, and wholly failed to move itself and water-tank on the road in any reasonable place, of all of which the said defendant then and there had notice; and that by reason of the premises they had been greatly injured and damaged, and had sustained damage to the amount of two thousand five hundred dollars.

In the second count the plaintiffs make the same averments as those contained in the first count, and in addition thereto allege, that, before they knew of the failures, defects and insufficiencies of the said engine they paid the full amount of the principal and interest of the one of said notes which fell due on the 1st day of November, 1888, on

which note Charles Seabright, to whom it had been assigned, obtained judgment against them—laying the damages at two thousand five hundred dollars.

In addition to the matters alleged in the first and second counts the plaintiffs in the third count averred, that the defendant warranted said engine and appurtenances to be of good material and properly made, and to be perfect in all respects, and to do good work, and to move itself and the water-box on the roads; and that on the 6th day of August, 1886, and ever since during the threshing season of each year until some time in the year 1889 they were engaged as joint owners of said engine and appurtenances in the business of threshing and cleaning grain for divers persons in the county of Ohio, and that after the 6th day of August, 1886, they repeatedly attempted to use said engine and appurtenances about their said work and business, and that the same were not of good material and properly made, and would not do good work, and that said engine did not and would not move itself and appurtenances on the roads; and that when they discovered said defects and imperfections in said engine and appurtenances they returned the same to the defendant, and that they are now in his possession, and that before they knew of said defects and imperfections in said machinery they paid two of said notes to the defendant, and also paid and satisfied a judgment which Charles Seabright had obtained against them on one of said notes, which had been assigned to him, and that by reason of the premises they had sustained damages in the sum of two thousand five hundred dollars.

The demurrer in this case was to the declaration and to each count thereof and the first question to be considered is whether the Circuit Court erred in overruling said demurrer.

The action is *assumpsit*, and in none of the counts is any promise on the part of the defendant directly alleged. In this action the promise is regarded as the legal cause of action. In the case of *Sexton* v. *Holmes*, 3 Munf. 566, the court held: "The plaintiff in *assumpsit* must charge the promise by the defendant positively, not by way of recital

only; for, if the declaration be defective in this respect, it is a fatal error, and not cured by verdict."

That case was somewhat similar to the one under consideration. In that case there was a written agreement for the sale of a tract of land, with special warranty in consideration of the sum of three hundred dollars which was to be paid in installments, which installments were to be secured. The declaration contained the following averment: "And the said plaintiff in consideration of said agreement and also in consideration, that the said defendant had undertaken and faithfully promised to perform everything in said agreement on his part to be performed, promised and undertook to perform everything on his part to be performed"; and Judge Roane, in delivering the opinion of the court, said: "The court (not deciding upon any other point made or occurring in this cause) is of opinion that the judgment is erroneous, in this: that there is no promise or *assumpsit* sufficiently averred in the declaration. The judgment is therefore reversed, with costs, and judgment entered for the appellant."

So, also, in the case of *Winston's Ex'rs* v. *Francisco*, 2 Wash. (Va.) 189, the same judge delivering the opinion of the court says: "Although an *assumpsit* is the very gist of the action, yet I would always incline to sustain a declaration where one is laid, however irregular the expressions to that effect may be, especially after a verdict. But it must be positively charged; otherwise, the declaration does not set out a sufficient cause of action to entitle the plaintiff to recover."

The authorities upon this question are collated to some extent in 4 Rob. Pr. pp. 230, 231. It is there stated that "in an action of *assumpsit* the promise is the legal cause of action"—citing *Philipson* v. *Earl of Egremont*, 6 Ad. & E. (N. S.) 603; and on page 231: "The undertaking and promise, or what is equivalent thereto, must be positively charged. Though the latter part of a declaration had the words 'who notwithstanding promising to pay said money,' *etc.*, it was held in Virginia that these words did not amount to an averment of a promise. 'The promise,' said Judge Roane, 'ought to be directly averred, and not by way of .

inference'"—citing *Winston's Ex'rs v. Francisco*, 2 Wash. (Va.) 187, and *Sexton v. Holmes*, 3 Munf. 566.

A declaration by the purchaser of a slave warranted to be sound, who was diseased at the time and remained so until her death, is found in Robinson's Forms, on page 527, in which it is alleged that "the defendant undertook and faithfully promised the said plaintiff, that the said slaves then were sound, and that confiding in said promise and undertaking of the defendant he bought said slaves and paid the purchase-money, and then avers that the defendant did not regard his said promises and undertaking so made, but deceived and defrauded the plaintiff in this, to wit, that the said negro slaves were not sound," *etc.;* and the author cites *Brown v. Shields*, 6 Leigh, 455, in which Tucker, President, says: " But a count in such action can not be considered to be in *assumpsit* when it lays no *assumpsit* or promise, and does not correspond at all with the form of declaring in *assumpsit* upon a representation."

As to the structure of special counts in *assumpsit*, Professor Minor, in his Institutes (volume 4, p't 1, p. 577) says: " Reference ought always to be had in preparing them to an accredited book of forms of pleading, and none can be recommended with more confidence than the work on Pleading of Mr. Chitty. See 2 Chit. Pl. 115 *et. seq.* But it is worth while to observe, in general, that besides the averment of the breach of contract, and the conclusion, stating the damages, *etc.*, which constitute parts of the declaration distinct from the statement of the cause of action with which we are now engaged, a special count in *assumpsit* embraces in such statement four points or parts which are to be principally considered, namely: (1) The inducement; (2) the consideration; (3) the contract itself; and (4) the necessary averments of plaintiff's performance on his part"—citing 1 Chit. Pl. 317. And on the next page the author says: " The statement of the contract itself is of course a necessary element in every declaration in *assumpsit*. The promise may turn out in evidence at the trial to be either express or implied ; but the same identical terms of description are employed (supposing the agreement to be not in writing) whether it be the one or the

other.   The usual form of averment is that the defendant ' undertook and faithfully promised,' but other equivalent words will suffice, taking care, however, that a promise itself shall be averred, and not merely evidence of a promise.   The contract must be stated with certainty— that is, with ' certainty to a common intent in general '— and also with directness, and not by way of recital."   And in volume 4, p't 2, p. 1399, he gives the form of a declaration in *assumpsit* upon a warranty of the soundness of a chattel which conforms to his views as expressed in the text above quoted; citing 2 Chit. Pl. 279 ; 1 Rob. Forms, 527.

The pleader in this case having failed to state a promise or undertaking on the part of the defendant that the engine and appurtenances purchased by the plaintiffs were sound and sufficient in all respects to perform the work for which they were intended, and the breach of said promise, as prescribed by the precedents, the Circuit Court, in our opinion, erred in overruling the defendant's demurrer to the declaration and to each count.   The judgment is therefore reversed, with costs, and the case is remanded to the Circuit Court of Ohio county for further proceedings to be had therein.

# CHARLESTON.

