JOHN T. BURKS, Appellant, v. THOMAS H. STAM, Respondent.

St. Louis Court of Appeals, March 10, 1896.

1. **Law and Fact**: REASONABLE TIME. What is a reasonable time, is ordinarily a question of fact; and, *held,* that it was so in this cause.

2. **Contract**: INDEFINITENESS OF PROVISION. A contract for the sale of two race horses stipulated for the payment of a definite sum as a consideration, and provided for the payment of a further fixed sum by the purchaser "if he did well and had no bad luck with the horses." *Held,* that this provision was too vague and indefinite to admit of enforcement.

Burks v. Stam.

3. **Principal and Agent:** ACTION IN EXCESS OF AUTHORITY. A purchase was made by the defendant through, and in the name of, an agent, and the fact of the agency was known to the seller. A bill of sale was drawn, which stated the consideration as a certain sum which was paid by the purchaser, and the agent's authority was limited to the payment of that amount. The agent, however, unknown to his principal, agreed orally to pay a further sum upon a stated condition. *Held*, that this agreement was in excess of the agent's authority and not binding on his principal.

*Appeal from the St. Francois Circuit Court.*—HON. JAMES D. FOX, Judge.

AFFIRMED.

*J. N. & Jerry B. Burks* for appellant.

(1) The court erred in holding that plaintiff could not show a different consideration from that stated in the bill of sale from plaintiff and Horn to J. C. Alexander. *Henderson v. Henderson*, 13 Mo. 151; *Laudman v. Ingram*, 49 Mo. 212-214; *Fontaine v. Boatmens' Saving Inst.*, 57 Mo. 552-561; *Hollocher v. Hollocher*, 62 Mo. 267; *Bobb v. Bobb*, 89 Mo. 411-419; *Lambert v. Estes*, 99 Mo. 604; *Aull Saving Bank v. Aull*, 80 Mo. 199; *Altringer v. Capeheart*, 68 Mo. 441-443. (2) Instruction number 2, asked by the plaintiff, and refused by the court, properly declared the law, and should have been given. The testimony clearly warranted it. *Atwood v. Cobb*, 16 Pick. 231; *Howe v. Huntington*, 15 Me. 350; *Atkinson v. Brown*, 20 Me. 67; *Cameron v. Wells*, 30 Vt. 633. (2) What is a reasonable time for performance, when none is fixed by contract, is a question of law. *Adams v. Adams*, 26 Ala. 272; *Hill v. Hobert*, 16 Me. 167; *Russell v. Ormsbee*, 10 Vt. 274.

*William Carter & Weber* for respondent.

The complaints made by the appellant of rulings on the evidence are not reviewable, owing to his failure

to preserve his exceptions to those rulings by his motion for new trial. As to the contract sued upon, it is so uncertain, vague and indefinite, as to be incapable of enforcement. Lawson on Contracts, sec. 10; *Jones v. Durgin*, 16 Mo. App. 370; *Guthing v. Linn*, 2 B. & Ad. 332.

BIGGS, J.—John N. Horn, John C. Alexander and the plaintiff, owned two race horses in equal shares. On the twenty-fourth day of June, 1891, Alexander, as the agent of the defendant and one Parkhurst, bought the undivided interest of plaintiff and Horn in the animals. The contract of sale was reduced to writing, and is as follows:

"Know all men by these presents: That we, John N. Horn and John T. Burks, of the city of Farmington, in the county of St. Francois, and state of Missouri, parties of the first part, in consideration of the sum of thirty-five hundred dollars to us in hand paid by John C. Alexander, of the city of Farmington, in the state of Missouri, party of the second part, the receipt of which is hereby acknowledged, have bargained, sold, granted and conveyed, and by these presents do bargain, sell, grant and convey, unto the said party of the second part, his executors, administrators and assigns, all of our two thirds interest in the two thoroughbred fillies known as Minnie L. and Nellie Pearl, two years old each; said Minnie L. being bred as follows: By Iroquois out of Fannie Mattingly; and said Nellie Pearl being bred as follows: By Iroquois out of Boulotte. To have and to hold the same unto the said party of the second part, his executors, administrators and assigns forever. And we do warrant the said fillies to be sound and healthy, so far as we know. And we do for ourselves, our heirs, executors and administrators, covenant and agree to and with the said party of the

second part to warrant and defend the title to the said fillies hereby sold to the said party of the second part, his executors, administrators and assigns, against the claims of all and every person or persons whatsoever.

"In witness whereof, we have hereunto set our hands and seals this twenty-fourth day of June A. D. 1891.

(Signed)                    "JOHN N. HORN.

"JOHN T. BURKS."

It is conceded that the plaintiff accepted a note, signed by defendant Parkhurst and Alexander, for $1,750, in discharge of the amount due him under the foregoing contract. The note was made payable on October 1, 1891, and was paid at maturity. In the present action the plaintiff sues for an additional sum, which he claims to be due him on account of the sale of the horses. The allegation is that, at the time of the execution of the contract, it was orally agreed between him and Alexander that "if defendant and Parkhurst did well, were successful and had no bad luck, during the racing season of 1891, with the above named horses, then, and in that event, plaintiff was to receive a further sum of two hundred and fifty dollars." Then follows the further allegation that, during the racing season of that year, the horses won purses of money amounting to more than $6,000.

The answer is a general denial, and it also contains other matter which it is not necessary to set forth. The cause was submitted to the court without a jury, and at the conclusion of the evidence the following instruction was asked by the plaintiff, to wit:

"The court further declares that, if defendant promised, through his agent, John C. Alexander, to pay the sum of $250 in addition to the original payment of $1,750, upon condition that defendant was successful and made money with said horses in plain-

tiff's petition described, and that no time was fixed for the fulfillment of said condition, then, and in that event, a reasonable time will fix the liability of said defendant. And the court further declares that the term of three months is a reasonable time under the testimony in this cause."

The court refused the instruction, and judgment was rendered for the defendant, from which the plaintiff has appealed.

It is impossible to determine from this record the exact theory upon which the case was decided. The plaintiff was permitted, without objection, to introduce evidence in support of the alleged oral agreement. The testimony of the plaintiff was, "that he asked Alexander $2,000 for his interest in the two horses. Alexander said that $2,000 was more than he would pay; that he might have bad luck with the horses, they might get crippled or die, or something go wrong with them, and in consequence would lose money; but was desirous of retaining the horses, and proposed to pay the sum of $1,750 for his interest in the horses, and that, if he did well, was successful, and had no bad luck with the horses, he would pay him the additional sum of $250." Alexander, who was introduced as a witness by plaintiff, testified that, before the trade was finally closed, he told Burks and Horn that he was buying the horses for defendant and Parkhurst. The plaintiff's evidence tended to prove further that, between July and October, 1891, the gross winnings of the horses were between $5,000 and $6,000. The defendant denied that such a contract was made; or, if made, that he was notified of it by Alexander. He also testified that up to October 23, 1891, he and Parkhurst received from the earnings of the horses, $1,989.75, and that they paid expenses amounting to $1,635.55; that in the year 1892 the expenses exceeded

the receipts in the sum of $759; that the horses were sold in 1893 for $5,000, and that his share of the profits on the entire transaction was only about $300.

The plaintiff's instruction was properly refused. Under the facts of the case the question of reasonable time was for the jury. This question, under some cirstances, may become one of law for the court, but it is generally a matter for the jury to decide under proper instructions.

Concerning the admissibility of parol evidence to show an agreement to pay a consideration additional to or different from that mentioned in the written contract, the members of the court do not agree; and, hence, we express no opinion on the subject. But we do agree that the alleged contract is too vague and indefinite to admit of enforcement. The evidence is to the effect that Alexander agreed that the defendant would pay the additional sum of $250 "if he did well and had no bad luck with the horses." A little reflection will show the impossibility of submitting a controversy arising out of such an agreement on any intelligent theory. But, if the point be conceded, the weight of the evidence tends to show that the defendant raced the horses for two years and then sold them, and for his time and trouble and the interest on his money he received the sum of $300. This certainly could not be called a success in the racing business.

Again, the evidence for plaintiff tends to show that, prior to the final consummation of the sale, he was advised that Alexander was acting for the defendant and Parkhurst. Afterward the bill of sale was submitted to the defendant as containing the terms of sale, and the defendant and Parkhurst gave their notes for the price agreed on, which the plaintiff and Horn accepted. There is not a tittle of evidence in the record that defendant and Parkhurst were advised of

the alleged oral agreement, but on the contrary the defendant swears that he was not advised of it, and that Alexander had no authority to make it. The amount which Alexander was authorized to pay for the horses was, under all of the evidence, limited to the price stated in the written contract; hence the defendant was not bound by another or different agreement, if any such was made. For the foregoing reasons the judgment of the circuit court will be affirmed. All the judges concur.