STELLA C. SEAGRAVE *vs.* DANIEL W. CLARK.

Worcester.     October 12, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract — Consideration — Instructions.*

At the trial of an action to recover $50 as the balance due from the defendant on a conveyance of real estate by the plaintiff to him, the plaintiff introduced testimony tending to show that the amount to be paid was $950, but that the defendant could only pay $900 at the time of the delivery of the deed, and agreed to pay the $50 later. The defendant introduced testimony tending to show that he told the plaintiff he could raise $900, and would pay that for a deed and would pay an additional sum of $50 if he disposed of the property advantageously, and that he had not disposed of the property advantageously. The judge instructed the jury that if they believed the defendant's statement, and that was all the agreement there was, it was a mere naked agreement, without consideration, and the plaintiff could not recover. *Held,* that the evidence would warrant a finding that the agreement testified to by the defendant was made during and as part of the transaction which resulted in the delivery of the deed, and that, if it was, there was ample consideration for it.

CONTRACT, to recover $50 as the balance due from the defendant on a conveyance of real estate by the plaintiff to him. At the trial in the Superior Court, before *Lawton,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. Thayer & H. W. Cobb,* (*S. B. Taft* with them,) for the plaintiff.

*H. P. Harriman & J. F. Neal,* for the defendant.

MORTON, J. The plaintiff introduced testimony tending to show that the amount to be paid was $950, but that the defendant could only pay $900 at the time of the delivery of the deed and agreed to pay the $50 later. The defendant introduced testimony tending to show that he told the plaintiff he could raise $900, and would pay that for a deed and would pay an additional sum of $50 if he disposed of the property advantageously, and that he had not disposed of the property advantageously.

The court instructed the jury, amongst other things, as follows: " There has been some reference made to the statements,

or rather there has been a statement made, — I think the defendant's statement was that at the time of the taking of the land he said to her, if I can sell this land to an advantage, I will pay you fifty dollars. If you believe that that was all the agreement there was ever made, if you believe that it is upon that actual conversation and that alone she bases her right to recover, then I have to say to you that that is what the law calls a mere agreement. This is not a binding contract on which she can recover, because you see he made it in a way, he hedged it around with such conditions and so limited it, that it does not appear to be any consideration for it, that it is what the law calls a mere naked agreement on which or by which mere naked promise, — he is not bound."

There was a verdict for the defendant, and the case is here on the plaintiff's exceptions to so much of the instructions as related to the matter of consideration. We think that the instructions were erroneous, and that there must be a new trial, since it is impossible to say that the jury were not misled by what was said, and that their verdict was not the result of the instructions which were excepted to.

The evidence would warrant a finding that the agreement testified to by the defendant was made during and as part of the transaction which resulted in the delivery of the deed to him by the plaintiff. If it was, there was ample consideration for it. The fact that the agreement as testified to by him was conditional would not, of course, affect its validity as an agreement or render it invalid for want of consideration.

<div align="right">

*Exceptions sustained.*