# CHARLESTON.

PAULL *v.* PITTSBURGH, WHEELING & KENTUCKY RAILROAD Co.

Submitted June 10, 1911.   Decided April 15, 1913.

1.  CONTRACTS—*Vendor and Purchaser—Validity.*
     An oral agreement between vendor and vendee, entered into at the time of or prior to the grant, though not expressed therein, whereby the vendee agrees to pay, as further consideration therefor, the difference between the sum stated in the grant and that thereafter paid by the latter for other lots designated

in the agreement, the purchase of which the grantee then had in contemplation, and some of which he did subsequently purchase at an advanced price, is not void for uncertainty, want of consideration, or as against public policy. (p. 265).

2. VENDOR AND PURCHASER—*Contract—Construction—Action for Price.*

It is not necessary that the vendor should defer action to recover the difference in price until the vendee has purchased all the lots designated, but he may elect to rely on any one of the purchases made prior thereto. (p. 265).

3. SAME—*Action for Price—Declaration.*

A declaration which substantially, though not in technical terms, avers a promise by the grantee to pay the grantor. as further consideration for the grant of land, the difference between the sum actually paid therefor and that thereafter paid for other lots designated by both, the purchase of which the grantee then had in contemplation as necessary for his use, and some of which he did thereafter purchase at an advanced price, is not defective on demurrer for failure to allege a promise by defendant. (p. 266).

Error to Circuit Court, Ohio County.

Action by Lee S. Paull against the Pittsburgh, Wheeling & Kentucky Railroad Company. From a judgment for defendant, plaintiff brings error.

*Reversed and Remanded.*

*Russell & Russell,* for plaintiff in error.

*J. B. Sommerville,* for defendant in error.

LYNCH, JUDGE:

The plaintiff sues in *assumpsit* to recover of defendant five thousand dollars damages for breach of contract. Succinctly stated, the contract averred is that plaintiff, a married woman. her husband joining, conveyed to defendant a lot in Wheeling, for $660 actually paid, with the further oral agreement that in the event defendant purchased any other of the lots described in the declaration as contiguous to or near the lot conveyed by her it would pay her as further compensation the difference between $660 and the sum, whatever it might be, at which defendant should purchase any one of the other lots, the difference to

be determined by the price per front foot. The breach alleged is that the defendant did purchase two additional lots, one of Hazlett and another of Driehorst, for which it paid Hazlett $1858.34 or $49.34 per front foot, and Driehorst $1417.79 or $49.32 per front foot, and its failure to pay plaintiff such additional sum. The lots are contained within what is denominated as the "strip," which embraces lots the purchase of which defendant then had in contemplation as necessary for its use. An original and an amended declaration were filed, to each of which the defendant demurred, but assigned on the record no grounds therefor. The court sustained each of the demurrers, and finally dismissed the action with costs to defendant. A writ of error ensued.

In defendant's brief, the invalidity of the contract averred is urged, for the reason that it is void for uncertainty, want of consideration, and as against public policy. It is also asserted that the declaration is defective because of its failure to allege a basis for the determination of the amount claimed thereby, and to aver a promise by defendant to pay plaintiff the sum recovery of which is sought.

The uncertainty urged is that the prices of the lots within the strip not yet purchased by defendant are not ascertained, because if purchased they may exceed those paid Hazlett and Driehorst. The contract stated in the declaration applies not to all, but to any, of the lots that should be purchased by defendant. Having elected to sue, as with propriety she might, for the difference between the price paid her and that paid either Hazlett or Driehorst, she thereby precluded herself from again suing to recover any sum in excess of that now claimed. She is bound by her election. Nor is this a matter or cause of which the defendant can reasonably complain. It enured to its benefit.

An agreement, though not in writing, made by a grantee at the time of sale and conveyance of land, to pay therefor a sum in addition to that expressed in the deed, is valid, binding and enforceable. *Nickerson* v. *Saunders*, 36 Me. 413, cited with approval in *Pierce* v. *Weymouth*, 45 Me. 481. If a contract designates a method whereby the price can be definitely ascertained, even from a contingency, it is not thereby rendered uncertain. Where a contract for the sale of a village lot provided

that the price should be the same as that paid for the first lots which should be sold in the vicinity, and lots adjoining the one in question were sold before the commencement of the action, it was held that the contract was thus rendered certain. *Cunningham* v. *Brown,* 44 Wis. 72, 78. If a purchaser of real estate agrees that if he should not build thereon but resell it he would pay the vendor the profits thereby realized, the agreement is not uncertain or without consideration. *Bourne* v. *Sherrill,* 143 N. C. 381, 383. The following authorities sustain the validity of the agreement stated in the declaration: *Wehner* v. *Bauer,* 160 Fed. 240; 1 Elliott on Contracts 312, note 97; *Michael* v. *Foil,* 100 N. C. 178; *Caldwell* v. *School District,* 55 Fed. 372; *Miller* v. *Kendig,* 55 Ia. 174; *Langerhausen* v. *Crittenden,* 103 Mich. 173; *Seagrave* v. *Clark,* 177 Mass. 93. The authorities cited by defendant's counsel—*Burk* v. *Stamm,* 65 Mo. App. 455; *Gelston* v. *Sigmund,* 27 Md. 334; *Foster* v. *Mining Co.,* 68 Mich. 188; *Pulliam* v. *Schimpf,* 109 Ala. 179, and *Culver* v. *Culver,* 39 N. J. L. 574—do not announce legal propositions opposed to the views now asserted. In fact, they do not discuss the propositions now involved.

Nor do the authorities relied upon by defendant show the contract void as against public policy. The defendant insists that in effect the contract is fraudulent because the manifest purpose thereof was its use as an inducement to other lot owners to sell and convey their lots for the price named in plaintiff's deed. How plaintiff could reap any benefit or profit from the inducement on others, if successful, is not obviously apparent. If her neighbors received the same price, or prices at the same rate per front foot, in what respect is her interest advanced? The authorities cited by defendant hold that contracts actually fraudulent are void and unenforceable. By what process of reasoning is that conclusion applicable to this case? It is not admitted on demurrer, nor does it arise upon the mere agreement of parties for an increased price.

The declaration is not defective in either respect asserted by defendant. It does definitely aver a method by which the exact sum demanded thereby is ascertainable, in fact ascertained— the difference between the sum paid plaintiff and the prices paid by defendant for lots purchased by it within the strip. The

agreement, being valid, as evidently it is in view of the authorities cited, and the event on which it was contingent having occurred, furnishes a basis from which the jury may readily determine the extent of plaintiff's recovery.

The declaration also substantially avers a promise by defendant to pay plaintiff the additional compensation for her lot. There is, it is true, no express averment of a promise in the technical sense. But, after stating in detail by clear and unambiguous terms the contract for further compensation, defendant's purchase of the Hazlett and Driehorst lots, and subsequently of other lots within the "strip," the declaration avers that thereby "it was provided that the said defendant should pay to the said plaintiff the sum of $660 as part of the consideration for the property so to be conveyed as aforesaid, and also that the defendant should pay to the plaintiff any further amount which might be necessary to make the price per front foot the same as the defendant should thereafter pay to the owners of any of the other portions" within the "strip"; and, further, "that under and by virtue of the said contract the said defendant became liable to pay" the difference; concluding with an averment of the usual request by plaintiff therefor and refusal by defendant. The contract is stated throughout not by way of recital, as in *Mold & Foundry Co.* v. *Steel & Iron Co.*, 62 W. Va. 288, but as a positive agreement for further compensation for plaintiff's property. This substantially avers a promise, sufficient to comply with the requirements of good pleading. To hold otherwise would sacrifice substance to dry, technical forms. In *Wolfe* v. *Spence*, 39 W. Va. 491, cited, an action to recover the value of certain machinery, the infirmity in the declaration was its failure to aver in express terms an agreement that the machinery would perform the work for which it was intended. In *Waid* v. *Dixon*, 55 W. Va. 191, the declaration stated no promise or agreement by Dixon to reimburse plaintiff for any of the work for the value of which he sought to recover in the action. *Bannister* v. *Coal & Coke Co.*, 63 W. Va. 502, holds that a declaration in *assumpsit* which avers that defendant "agreed" to pay plaintiff a sum certain for things done by him under contract therefor sufficiently alleges a promise. And *Stopper* v. *McGara*, 66 W. Va. 403, holds that

"generally a count in assumpsit which shows that what is equivalent to a promise has taken place is good without the use of the word promise," citing 2 Enc. Pl. & Pr. 997; 1 Chit. Pl. 301; Hogg's Pl. & Forms, § 84.

For reasons stated herein, the judgment of the circuit court is vacated and annulled, the demurrer overruled, and the action remanded for issue and trial.

*Reversed and Remanded.*