CHAS. A. HUBBARD, JR., RESPONDENT, v. TURNER DEPARTMENT STORE COMPANY, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed January 8, 1926.

1.—**Contracts—Construction of Contract by Parties Thereto—Rule Not Applicable Where no Contract in First Instance.** The rule that the construction placed on a contract by the parties thereto is evidence of what both parties intended the contract to mean does not apply where there was no contract in the first instance, hence does not apply in instant case if telegrams relied on to prove contract as to bonus to be paid employee fail to establish binding and enforceable contract as to such bonus.

2.—**Master and Servant—Contracts—Telegram Held Not to Establish Binding Contract to Pay Bonus—Use of Word "Should"—Expression of Opinion.** Where prospective employer sent telegram to prospective employee offering employment at stated sum per month "and a part of the profits that should mean from twenty-five to fifty dollars per month extra," and stating "if you want to come and work hard, we will take care of you in good shape," and employee accepted such employment, such telegram, although well calculated to mislead, did not establish a binding enforceable contract between the parties to pay employee a bonus, being merely an expression of opinion as to profits, not constituting a guaranty, and there being no method of determining what employee's share in profits might be, and no stipulation as to when settlements should be made.

3.—**Contracts—Requisites of Binding Contract—Certain and Unequivocal, in Terms, or by Reference.** A contract, to be valid, must be certain and un-

equivocal in its essential terms, either within itself or by reference to some other agreement or matter.

**4.—Master and Servant—Contract of Employment Terminable at Will—Indefinite Term—Employee Not Entitled to Salary after Cessation of Employment.** Contract of employment which provided for no definite term of service was terminable at will by either party thereto, hence employee was not entitled to salary for balance of month after cessation of employment.

---

*Corpus Juris-Cys. References: Contracts, 13CJ, p. 263, n. 74; p. 546, n. 54. Master and Servant, 39CJ, p. 71, n. 57; p. 150, n. 61; p. 177, n. 65.

Appeal from the Circuit Court of Greene County.—Hon. Warren L. White, Judge.

REVERSED AS TO JUDGMENT ON PLAINTIFF'S PETITION AND AFFIRMED AS TO JUDGMENT ON DEFENDANT'S COUNTERCLAIM.

*Frank B. Williams,* of Springfield, for appellant.

(1) The alleged written agreement for a part of the profits of defendant's business as extra compensation to plaintiff for his services is so vague and indefinite that it will not support plaintiff's claim for extra compensation or the verdict of the jury therefor. 1. If an agreement is so uncertain and ambiguous that the court is unable to collect from it what the parties intended, the court cannot enforce it, and since there is no obligation there is no contract. Blaine v. Knapp, 140 Mo. 241; Luckey v. Railroad, 133 Mo. App. 593; 9 Cyc., p. 245, footnote 26; 9 Cyc., pp. 248-249, footnotes 42 and 43; 18 R. C. L., p. 494, sec. 4, footnote 12; Wesson v. Horner, 25 Mo. 81; Burks v. Stam, 65 Mo. App. 455; Jones v. Durgin, 16 Mo. App. 370; Browning v. Railroad, 188 S. W. 143; Vorhees v. Louisiana Purchase Exp. Co., 243 Mo. 418. 2. A proposal in writing, which is so indefinite that it cannot form the basis of a contract without further specifications does not make a binding contract. Lee v. Dodd, 20 Mo. App. 271; Whedon v. Ames, 28 Mo. App. 243. 3. There was no meeting of the minds of the parties in this case as to: (a) The profits that were to be shared, whether of all departments of the store or only the furniture department, where plaintiff was principally employed. (b) The percentage of profits to which plaintiff would be entitled as and for his share. (c) The kind of profits subject to division, whether net or gross, and how arrived at. (d) The time when an account or invoice should be taken of the business, whether by the month, the calendar year, fiscal year, or the entire period of plaintiff's employment. 4. The construction of a written contract is a matter of law for the court. Mueller v. Nat. Flour and Milling Co., 243 S. W. 420. Lancaster v. Elliott, 28 Mo. 86, 92.

5. Courts can only enforce agreements as written and cannot write provisions into contracts not written by the parties to them. Blanke Bros. Realty Co. v. Amer. Surety Co., 247 S. W. 797. (2) This being an action for salary and other sums due under an alleged contract of employment, plaintiff had the burden of proof to present evidence from which the court and jury could reasonably arrive at a satisfactory conclusion as to the state of the account. Hunt v. Lehrack, 245 S. W. 52. (3) The petition does not charge that plaintiff was wrongfully discharged before the end of the month, therefore the petition does not support the verdict as to salary for the last half of February, and as to this item does not state facts sufficient to constitute a cause of action. There is no evidence to support this part of the verdict and the court erred in refusing to so instruct the jury as requested by defendant in Instruction ''A,'' and in instructing to the contrary in Instruction No. 1. 1. The plaintiff cannot recover on a cause of action not pleaded. Summers v. Ins. Co., 90 Mo. App. 691, 701 and cases cited. 2. It is error to give an instruction not supported by the evidence. Cross v. Railroad, 186 S. W. 1130; Railroad v. Couch, 187 S. W. 64; Burns v. Polar Wave Ice Co., 187 S. W. 145; Lord v. Delano, 188 S. W. 93. (4) Plaintiff was hired at $125 per month. This constituted a hiring at will terminable by either party at any time, and no action can be sustained as for wrongful discharge because plaintiff's employment was terminated before the end of the calendar month. Brookfield v. Drury College, 139 Mo. App. 339, 365 and cases cited; Minter v. Dry Goods Co., 187 Mo. App. 16; Mulvy v. Anderson, 187 Mo. App. 430; Davis v. Ins. Co., 181 Mo. App. 353; Finger v. Brewing Co., 13 Mo. App. 310; 5 Page on Contracts, sec. 2640.

*Thomas H. Gideon,* of Springfield, for respondent.

(1) Valid contracts may be made by letters and telegrams. 9 Cyc., p. 247 and footnote 33; Whaley v. Hinckman, 22 Mo. App. 483; Logan v. Waddle, 238 S. W. 519; Egger v. Nesbit, 122 Mo. 667; Tippin v. Telegraph Co., 194 Mo. App. 80; Jerome Lumber Co. v. Davis Bros. Lbr. Co., 255 S. W. 906; Price v. Atkinson, 117 Mo. App. 56. (2) Does the letter and telegrams in the case at bar constitute a valid and binding contract? 9 Cyc, p. 250 and footnote 47; Huse v. Heinse, 102 Mo. 245, 250; Gale v. Carpet Co., 182 Mo. App., 520; Northup v. Colter, 150 Mo. App. 647; Lancaster v. Elliott, 28 Mo. App. 92. (3) A valid contract being established, on who is the burden of showing the profits of appellants business during said period? Huse v. Heinse, 102 Mo. 250; Central Oil Dev. Co. v. Sinclair Oil and Gas Co., 253 S. W. 328; Matterson v. Amarillo Oil Co., 253 S. W. 908, 912; 9 Cyc, pp. 590 and 761. (4) Can the

220 M. A.—7.

respondent recover his salary for the last half of February, 1923?
Minter v. Dry Goods Co., 187 Mo. App. 26; Davis v. Insurance Co.,
181 Mo. App. 357.

BAILEY, J.—Plaintiff brought suit on an alleged written contract
for services, claiming $1500 as an accumulated bonus over a period
of thirty months, from September, 1920, to February 14, 1923, and
$62.50 for one-half month's salary as an employee of defendant.
Plaintiff, by his petition, admits an indebtedness to defendant on an
open account in the sum of $683.44, leaving a balance due him in the
sum of $879.06, for which he prays judgment. The answer was a
general denial and counterclaim amounting to $683.44 for goods,
wares and merchandise purchased from defendant by plaintiff. On
trial before a jury plaintiff obtained a verdict in the sum of $788.53
on his petition and defendant obtained a verdict in the sum of
$732.46 on its counterclaim. Judgment was entered accordingly.
From this judgment defendant has appealed.

Defendant assigns as error the refusal of its instruction in the
nature of a demurrer to the evidence offered at the close of the en-
tire case. This necessitates a review of the evidence. It seems that
on the 31st day of July, 1920, plaintiff was living in Mitchell, S. D.
He had previously been in the employ of defendant in Springfield,
Missouri, as a furniture salesman, but quit that employment in June,
1919, in order to take a position with his brother in South Dakota at
an increased salary, the amount of which he communicated to de-
fendant's representative at that time, who advised him to accept
same. The alleged contract on which plaintiff's claim is founded
is evidenced by a letter and four telegrams in words and figures as
follows:

"EXHIBIT 'A'

" (Letter)
"Springfield, Mo. 7-31-20.

"Chas. Hubbard,
"Mitchell, S. D.
"Friend Chas.

"Unless you have your sights too high we can make a place for
you inside with chance to grow with us. Must fill the place by Sep-
tember 1st. Write me at once or come and go to work.
"Yours,
" (Signed) L. H. TURNER."

"EXHIBIT 'B'

" (Western Union Telegram)

"8-2-20.

"To. L. H. Turner,
"310-12 South Campbell,
"Springfield, Mo.
"Will be there on or before September first.
"(Signed) CHAS. A. HUBBARD, JR."

"EXHIBIT 'C'

" (Western Union Telegram)

"Aug. 14, 1920.

"To L. H. Turner,
"310-312 South Campbell,
"Springfield, Mo.
"Am undecided. What have you for me? Wire me.
"(Signed) CHAS. A. HUBBARD, JR."

"EXHIBIT 'D'

" (Western Union Telegram)

"Springfield, Mo. Aug. 16, 1920.

"C. A. Hubbard,
"Mitchell, S. D.
"One hundred twenty-five dollars per month and a part of profits that should mean from twenty-five to fifty dollars per month extra. If you want to come and work hard, we will take care of you in good shape. Wire reply. Must know. Have been counting on you.
"(Signed) TURNER DEPT. STORE Co."

"EXHIBIT 'E'

" (Western Union Telegram)

"Aug. 18, 1920.

"L. H. Turner,
"310-312 South Campbell,
"Springfield, Mo.
"Will be there on or before September first.
"(Signed) CHAS. A. HUBBARD, JR."

Acting on these telegrams plaintiff returned to Springfield and worked for defendant from the latter part of August, 1920, continuously, until February 19, 1923, receiving as salary $125 per month, and no more, except on one occasion when his account was credited with $41.87 from the earnings of the furniture department for the year 1921. After plaintiff came to work for defendant in response

to these telegrams nothing was said or done by either plaintiff or defendant in regard to the bonus mentioned in the telegrams, except in the one instance above related when plaintiff's account was given credit. Plaintiff testified he was relying solely on the telegrams to prove his contract with defendant and that there was no other agreement. If then a proper construction of these telegrams fails to establish a binding and enforceable contract as to the bonus for which plaintiff lays claim, plaintiff's case must fall, in so far as the bonus is concerned. There is little, if any, evidence that the parties themselves placed their own construction on this contract, but even if there was such evidence, the rule that the construction placed on a contract by the parties thereto is evidence of what both parties intended the contract to mean, does not apply where there was no contract in the first instance. [Lumber Co. v. Leach, 255 S. W. 955.]

The telegram of August 16, 1920, marked "Exhibit D," is the only one which contains any stipulations relative to salary or bonus. It was written in reply to plaintiff's telegram of August 14, 1920, in which he inquired as to what defendant had to offer. The salary of $125 per month was fixed by the telegram and there is no question that there was a contract of employment for an indefinite period at that salary. After stipulating for a salary of $125 per month the telegram continues, "and a part of the profits that *should mean from twenty-five to fifty dollars per month extra.* If you want to come and work hard, we will take care of you in good shape, etc.," (italics ours).

The verb "should" has various shades of meaning. In its ordinary meaning it does not express certainty as the word "will" sometimes does. In the telegram under consideration it seems to be used in the sense that from the anticipated profits, plaintiff might receive a bonus of $25 to $50 per month. It is nothing more than an expression of opinion with no definite assurance that such would be the result. The expression "twenty-five to fifty dollars per month extra" adds nothing to the certainty or definiteness of the proposal but is merely suggestive. The whole expression "a part of profits that should mean from twenty-five to fifty dollars per month extra," to our minds cannot positively be construed as guaranty or an unconditional promise to pay a minimum of twenty-five dollars per month or a maximum of $50 per month out of the profits, in addition to the agreed salary. It is merely suggestive. Moreover, no method is provided for determining what the share of plaintiff in the profits might be; no per cent is named; whether net or gross profits or whether profits from the whole store or only the furniture department, were to be the basis of settlement, is all left to conjecture; there is no stipulation as to when settlements were to be made, which, obviously, might be either weekly, monthly, annually

or whenever the employment should cease. The expression in the telegram "If you want to come and work hard, we will take care of you in good shape," avails plaintiff nothing from the standpoint of law. The whole telegram is one well calculated to mis-lead, whether deliberate or not; morally, defendant was under some obligation to increase plaintiff's salary in the event the concern prospered and plaintiff worked hard; but, legally, we are confronted with an insurmountable obstacle in sofar as affording relief to plaintiff is concerned. It is an elemental and fundamental rule of law that a contract, to be valid, "must be certain and unequivocal in its essential terms either within itself or by reference to some other agreement or matter." [6 R. C. L. 644; 9 Cyc., p. 245; 18 R. C. L., p. 494; Burks v. Stam, 65 Mo. App. 455; Blaine v. Knapp & Co., 140 Mo. 241, 41 S. W. 787; United Press v. New York Press Co., 164 N. Y. 406; Varney v. Ditmars, 217 N. Y. 223, Ann. Cas. 1916 B. 758.]

In the case of Burks v. Stam, supra, it was held that a contract was unenforceable which stipulated for a definite sum as the purchase price of a horse and provided for a further payment by the purchaser "if he did well and had no bad luck with the horses."

In the following cases the contract was held to be too indefinite to be enforceable.

Where the servant was to have a commission on profits the method of computing "to be agreed upon later."—[Petze v. Morse Dry Dock & Repair Co., 125 App. Div. 267, 109 N. Y. Supp. 328.]

Where a contract provided that an employer should pay his employee, in addition to his salary, a "fair share" of the profits. [Varney v. Ditmars, 217 N. Y. 223, Ann. Cas. 1916B. 758.]

Where the contract provided the employee was to receive a "contingent commission of 5 per cent," but the sums upon which the 5 per cent was to be calculated were not mentioned [Van Slyke v. Ins. Co., 115 Cal. 644, 47 Pac. 689.]

Where defendant employed plaintiff to manage its surgical instrument department and agreed to pay him 25 per cent of the net profits derived therefrom after all expenses had been deducted, but there was no basis of standard for measuring the damages for breech of the contract. [Faulkner v. Des Moines Drug Co., 117 Iowa, 120 90 N. W. 585.]

So in the case at bar, we are unable to discover from the contract any method to determine what bonus or extra compensation plaintiff might have been entitled and must, therefore, hold the contract, in that respect, unenforceable.

Plaintiff also recovered judgment for $62.50 for the balance of his salary for the last half of February, 1923. The contract provided for no definite length of service and was terminable at will by either party. Defendant's instruction declaring plaintiff was not entitled

to recover anything for salary for the last half of February, 1923, should have been given. [Evans v. Railway, 24 Mo. App. 114; Brookfield v. College, 139 Mo. App. 339, 365, 123 S. W. 86; Minter v. Dry Goods Co., 187 Mo. App. 16, 173 S. W. 4.]

The judgment should, therefore, be reversed as to plaintiff's petition and affirmed as to defendant's counterclaim. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.