SAMUEL G. ROSENBERG *vs.* SAMUEL GARFINKEL & others.

Suffolk. February 26, 1936. — April 1, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Master: exceptions to report, recommittal. *Contract*, Consideration, Validity. *Fraud*. *Corporation*, Transfer of shares.

An exception to a master's report in a suit in equity, not founded on error shown by the report itself, properly was overruled.

The remedy of a party in a suit in equity aggrieved by a failure of a master to find further facts than those stated in his report is by a motion to recommit the report, not by exception to the report.

Recommittal of a suit in equity to a master for further findings is discretionary with the trial judge.

A finding by a master in a suit in equity that a corporation was solvent was not as matter of law inconsistent with another finding that it

had a substantial operating deficit, if the report did not purport to state all the facts explanatory of the financial condition of the corporation as shown by such findings.

In a suit in equity to charge the defendant with the value of shares alleged to have been assigned to him by the plaintiff to the plaintiff's use, a general finding by a master, on evidence not reported, that the assignment was absolute, upon consideration and obtained without fraud, not being inconsistent with other findings, was final.

A promise to pay the debts of a corporation if it should not pay them was good consideration for an assignment of shares of its stock by a stockholder to the promisor, though ultimately the corporation became able to pay them.

BILL IN EQUITY, filed in the Superior Court on November 16, 1934.

The suit was referred to a master. A motion to recommit the report was denied, exceptions to the report were overruled, and the report was confirmed by an interlocutory decree, entered by order of *Weed*, J., by whose order a final decree dismissing the bill was entered. The plaintiff appealed.

The case was submitted on briefs.

*H. Kahn*, for the plaintiff.

*W. E. Sisk, R. L. Sisk, & C. J. Goldman*, for the defendants.

FIELD, J. This suit in equity was brought by the plaintiff to enforce an alleged obligation of the defendant Garfinkel to the plaintiff and to reach and apply to the payment thereof stock in the defendant Barr & Bloomfield Shoe Mfg. Co. and money on deposit with the defendant Essex Trust Company. The bill alleges that the defendant Garfinkel (herein referred to as the defendant), in June, 1930, induced the plaintiff and other stockholders in the Harold Shoe Mfg. Company, for the purpose of reorganizing the corporation with additional capital, to transfer their stock therein to the defendant, that the defendant promised the plaintiff that "whatever benefit would accrue to the stockholders, he would distribute to each of them their share of the proceeds, together with the shares assigned to said Garfinkel," that the plaintiff, relying on this agreement, transferred twenty shares of common stock of said corporation to the defendant, that the corporation

voted to issue additional shares of stock for cash, to be paid by one Gallant, and that thereafter the additional capital was invested in the corporation, but the defendant, though requested by the plaintiff, refused to transfer to the plaintiff the stock which belonged to him, and that the defendant converted to his own use this stock and the accrued earnings thereof. The plaintiff prays that the value of the stock transferred by him to the defendant be ascertained, that the defendant be ordered to pay to the plaintiff the value thereof and the earnings of such stock, and that an accounting of the profits of such stock be had and the defendant be ordered to pay the amount thereof to the plaintiff.

The case was referred to a master who made a report. He was not required to report the evidence. The plaintiff filed objections to this report — which are deemed to be exceptions — and a motion to recommit the report to the master "for the purpose of his making subsidiary findings of facts upon which his final finding is based." An interlocutory decree was entered overruling the exceptions, denying the motion to recommit and confirming the report. Thereafter a final decree was entered dismissing the bill. The plaintiff appealed from the interlocutory decree and from the final decree.

1. The interlocutory decree was proper. The exceptions to the master's report were overruled rightly. Exceptions must be founded on errors shown by the report itself. *Israel* v. *Sommer,* 292 Mass. 113, 119–120. These exceptions were not so founded. All but one of them were directed to the failure of the master to make further findings. The plaintiff's remedy was by motion to recommit for further report and not by exception. *Mason* v. *Albert,* 243 Mass. 433, 437–438. The other exception fails for a like reason. This exception was based on the ground that the finding that the corporation was "solvent even for purposes of liquidation" is inconsistent with the finding "that there was a substantial operating deficit." These findings are not necessarily inconsistent. Whether they are inconsistent depends upon other facts. But the report does not

purport to state all the facts explanatory of the financial situation of the corporation as shown by these findings. Nothing, however, in the report takes the case out of the ordinary rule that recommittal of a master's report is discretionary with the trial judge. *New Method Die & Cut-Out Co. Inc.* v. *Milton Bradley Co.* 289 Mass. 277, 287. There was, therefore, no error in confirming the master's report.

2. The final decree was right on the facts found by the master. Material allegations of the bill were not sustained. And the plaintiff on the facts·found is not entitled to any equitable relief which is within the scope of the bill.

The findings of the master include these: On May 12, 1930, "a special meeting of the directors of the Harold Shoe Mfg. Company was held . . . at which all the directors, including the plaintiff, who comprised all the stockholders, were present. At this meeting the defendant stated . . . that he was not satisfied with the condition of the Harold Shoe Mfg. Company, that the corporation was not making money and that he was not going to allow it to get into a worse condition, that credit had been extended to the Harold Shoe Mfg. Company by people who relied upon him personally and his connection with . . . [another corporation] and he wanted these bills paid in full. The defendant offered to give his stock to any one of the stockholders who would give him a satisfactory guaranty that all bills of the Harold Shoe Mfg. Company would be paid. Each of the other stockholders including the plaintiff stated that he could not or would not undertake to do this. The defendant then offered to give each of the other stockholders a written guaranty that he would pay all outstanding obligations of the corporation, appearing on its books, in return for the transfer by them of their shares of stock in the company, to which all stockholders agreed. The defendant stated that.the liquidation of the business might be necessary, if a customer could not be obtained to take over the plant as a going concern; that if he could not get anyone to take over the business, the chances were that there would be a substantial deficit, but that he would pay all creditors of the company in full. Accordingly, the other

stockholders, including the plaintiff . . . assigned their stock to the defendant, executed releases to the Harold Shoe Mfg. Company and received from the defendant a written guaranty . . . [in the form shown by the report] that he would pay all obligations of the corporation appearing on its books."

The master found "as a fact that, at that time, all of the stockholders, including the plaintiff, were informed and understood that they were relinquishing all their interest in the Harold Shoe Mfg. Company," and further found "that it did not become necessary for the defendant to pay any obligations of the Harold Shoe Mfg. Company. He had, however, regarded the obligations of the Harold Shoe Mfg. Company as personal obligations, and on several occasions he personally indorsed notes of the Harold Shoe Mfg. Company. When, on May 12, 1930, he gave to each of the other stockholders the written guaranty aforementioned, he assumed an obligation, which he was not bound to assume, to pay the debts of the Harold Shoe Mfg. Company." The master also found that on May 12, 1930, as indicated by statements of the assets and liabilities of the corporation, signed by the defendant and purporting to state its actual condition, "the corporation was solvent, even for purposes of liquidation, but that there was a substantial operating deficit." The plaintiff "was the inside man, acting as general superintendent in charge of production." It is the natural inference from the findings that the plaintiff was employed by the corporation from the time it began business until it was liquidated. There are further findings in respect to the conduct of the affairs of the corporation after May 12, 1930, including the issuing of capital stock from time to time until it was liquidated in 1933, when "sufficient assets remained to redeem the common stock at $150 a share."

The plaintiff's case fails if the transfer of the stock by him to the defendant was valid and absolute. He contends, however, (a) that the "subsidiary findings show that the master's conclusion that the stock was transferred in consideration of the defendant's promise to pay the debts

of the corporation was clearly wrong," and (b) that there was "no consideration for the transfer of the stock, and . . . it was obtained by fraud and misrepresentation on the part of the defendant."

The subsidiary findings do not show that the master's conclusion was wrong. The history of the corporation after the transfer of stock and its apparent success do not prove that the transfer was not made as found. And the solvency of the corporation at the time of the transfer has no such effect. It is vain to speculate as to the adequacy of the reasons which led the plaintiff, a director, stockholder and employee of the corporation, to transfer his stock therein in exchange solely for the defendant's "written guaranty that he would pay all outstanding obligations of the corporation, appearing on its books." Whether or not the plaintiff exercised sound judgment in doing so the subsidiary findings show no such unlikelihood that he would make the transfer for this consideration as to control the finding that he actually made it.

It does not appear from the facts found that the defendant's promise, described in the report as a "written guaranty," to pay the obligations of the corporation was not a sufficient consideration for the transfer to the defendant of the plaintiff's stock. There is no contention that the defendant's promise was not conditional upon the corporation's failing to pay its obligations. Indeed the contention of the plaintiff on this branch of the case is based on the conditional nature of the defendant's promise. He contends that the promise was not sufficient consideration for the transfer of the stock on the ground that the defendant sustained no detriment by making such promise because he knew at the time he made it "that the corporation had ample assets to pay its obligations and that he would not be called upon to pay any of its debts." It is clear, however, that performance of the defendant's promise to pay the corporation's debts would be a detriment to the defendant. And the facts found do not show that at the time the promise was made there was not a possibility that the defendant would be required to pay the corporation's

debts or that it would not seem to a reasonable man that there was such a possibility. In these circumstances it is not shown that the promise itself was not sufficient consideration. *Hubbard* v. *Coolidge,* 1 Met. 84, 92–94. *Seagrave* v. *Clark,* 177 Mass. 93. Am. Law Inst. Restatement: Contracts, § 84 (f). Compare *Cabot* v. *Haskins,* 3 Pick. 83, 93.

The plaintiff contends, however, that the transfer of stock by him was obtained through fraudulent misrepresentations by the defendant. Even if, on any interpretation of the allegations of the bill, relief on this ground was within the scope thereof, the contention is not supported by the facts found. Fraud cannot be presumed. It must be proved. *Evans, Coleman & Evans, Ltd.* v. *Pistorino,* 245 Mass. 94, 98. *Zintz* v. *Golub,* 260 Mass. 178, 179. But the master has not found fraud on the part of the defendant. Moreover, the statements by the defendant to the plaintiff and the other stockholders in respect to the condition of the corporation appear by fair inference to have been made in good faith. The defendant offered to transfer his own stock to any one of them who would guarantee that all the debts of the corporation would be paid, and disclosed his personal interest in the matter. And no false assertion by him of existing facts is proved. His statement "that if he could not get anyone to take over the business, the chances were that there would be a substantial deficit" seems clearly to have been an expression of his opinion — a statement in respect to conditions likely to exist in the future. It does not appear that the plaintiff legitimately could take this statement as other than an expression of opinion or that in fact he did so. See *Coe* v. *Ware,* 271 Mass. 570, 573–574. Furthermore, so far as the findings go, the plaintiff knew the condition of the corporation. And though the finding of the master that the corporation was "solvent, even for purposes of liquidation" was based on statements of its assets and liabilities signed by the defendant, it is not to be inferred that the defendant misrepresented his opinion as to the probable outcome of liquidation. He may have thought honestly — and it does not appear that he did

not — that though the statements of assets and liabilities were true of the corporation as a going concern, shrinkage incident to liquidation was likely to result in a substantial deficit. See *Page* v. *Bent,* 2 Met. 371, 374; *Commissioner of Banks* v. *Pitocchelli,* 276 Mass. 201, 205.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*